## FLETCHER v. HURD.

### (Supreme Court, General Term, Fourth Department. April, 1891.)

EXECUTORS AND ADMINISTRATORS—COMPENSATION—BEQUEST IN LIEU OF.

A devise of the residue of testator's estate "to my said executors, to be equally divided between them, in lieu of compensation for their services in the execution of their trust," is intended to compensate the executors; and one of them who fails to qualify is not entitled to any part of the bequest.

Appeal from special term, Schuyler county.

Action by Elizabeth Fletcher, as administratrix, etc., of Charles H. Fletcher, deceased, against Oliver P. Hurd, individually and as executor and trustee of James H. Dailey, deceased, to compel the defendant to account and to pay to the plaintiff one-half of the amount covered by the residuary bequest in the will of James H. Dailey. On the 3d day of March, 1878, James H. Dailey, then being a resident of the town of Hector, in the county of Schuyler, died, leaving a last will and testament, which was duly admitted to probate on the 25th May, 1878, and letters testamentary issued to the defendant, one of the executors therein named. The will is dated August 28, 1876. The testator, after providing for the payment of his debts and funeral expenses, gave $5,000 "to my executors, Oliver P. Hurd and Charles H. Fletcher, hereinafter mentioned and appointed, in trust for the support of my wife;" with directions to them to pay to her the net income semi-annually during her natural life, and in case, in the sound discretion of his executors, she should need more than the income for her comfortable support and maintenance, then they were directed to pay her such portion of the principal as she in their judgment should from time to time need for such support. This was given to the wife in lieu of dower. She was also given certain articles of furniture. At her death the balance remaining of the $5,000, after providing for the funeral expenses of the wife, was given to certain nieces and a nephew. He also gave to his brother George D. Dailey $5,000, and to Ellen Dailey a house and lot and $4,000 and certain items of personal property. Then came the following clauses: "Seventh. All the rest, residue, and remainder of my estate, after suitable head-stones are placed at my grave, not to exceed in value the sum of two hundred dollars, I give and bequeath to my said executors, to be divided equally between them, in lieu of compensation for their services in the execution of their trust. Eighth. I hereby nominate and appoint said Oliver P. Hurd and Charles H. Fletcher executors of this, my last will and testament." On the day the will was admitted to probate, George D. Dailey caused to be filed with the surrogate his affidavit, stating his intention to file objections against granting letters testamentary to Charles H. Fletcher, and that he was advised and believed that there was just and substantial objections thereto. Fletcher did not qualify or act as executor or trustee, and never performed any services as such. It is found by the special term that Fletcher was willing to act as executor and trustee; that the defendant made opposition to his qualifying as such; and "that, by reason of such opposition, and the opposition of George D. Dailey aforesaid, the said Fletcher was induced not to qualify as said executor and trustee." The defendant has not filed any inventory of the estate or any account as executor

and trustee, and he has never had any judicial settlement of his accounts. Fletcher died at Denver, in the state of Colorado, on or about the 9th December, 1879, then being a resident of that place. On the 21st November, 1889, the plaintiff was appointed administratrix of his estate by the surrogate of Schuyler county. The court at special term decided that, by the terms of the will, the residue was given to the executors as and for compensation for services as executors and trustees, and that Fletcher, having failed to qualify, was not entitled to any part of it, and that plaintiff had no interest in the estate, and was not entitled to an accounting. The complaint was dismissed, and plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. F. Bishop* and *I. W. Cole,* for appellant. *C. M. Woodward* and *O. P. Hurd,* for respondent.

MERWIN, J. The plaintiff in her complaint alleged, and at the close of the trial requested the court to find, in substance, that just before the probate of the will it was agreed between Fletcher and the defendant that Fletcher should not qualify, but that defendant should perform all the duties of executor and trustee, and Fletcher should have one-half the residue, just the same as if he qualified and acted, and that by reason of this agreement Fletcher failed to qualify. This the court refused to find. The appellant claims that in this refusal the court erred. Upon this subject, the main evidence on the part of the plaintiff was that of the witness Cole, who testified to overhearing a conversation, or part of one, between the defendant and Fletcher, and that afterwards, on several occasions, the defendant admitted the existence of such an agreement. This is denied by the defendant, and there is evidence on the part of defendant that Fletcher, some time after the probate, stated that he had no interest in the estate. The relations between the witness Cole and the defendant were somewhat peculiar, and the weight to be given to the evidence of Cole was for the trial court to determine. There was no such preponderance in favor of the existence of such an agreement as would call upon this court to interfere. The appellant lays great stress upon the circumstance that the residuary fund was and is a large one. That, the case does not show. The plaintiff in her complaint alleges that there is due the estate of her intestate the sum of $10,000 or thereabouts. This is in terms denied in the answer. Upon the trial it was conceded by the defendant that there was something over and above the legacies. The amount was not stated or proved. The defendant, upon the examination of the plaintiff, testified that an inventory was made, but not filed. He was not asked what the amount was. We must therefore assume that the court correctly declined to find the existence of any agreement between defendant and Fletcher. That being so, the plaintiff must stand upon the terms of the will, supplemented by the finding of the court as to the circumstances under which Fletcher failed to qualify. The residuary bequest is "to my said executors, to be divided equally between them, in lieu of compensation for their services in the execution of their trust." This bequest is to the executors in their character as such, (*Morris v. Kent,* 2 Edw. Ch. 177,) and it stands as compensation for services which they would not be in a position to perform until they qualified. If both qualify, then the expression, "to be divided equally between them," regulates the manner of division. There was no severance before qualification. If only one qualifies, and the other is not in a position to perform any duties, and does not perform any, can it be said that the testator in that event intended, by the use of the expression above quoted, to provide that the one not so qualifying should still have the one-half? That would convert a bequest in compensation for services into an absolute individual gift. There is nothing in the will that indicates that such was the intention. *Knight v. Gould,* 2 Mylne & K. 295. There is no evidence of the amount of the estate at the

time the will was made. We cannot assume that the residue was supposed to be any more than fairly to compensate the party or parties who should actually perform the duties. The will imposed certain duties, and provided compensation for such duties. The benefit is to be received by the party bearing the burden.

But it is urged that the rule that a legacy to an executor, as such, cannot be taken unless he qualifies, does not apply to a bequest of a residue, and the case of *Griffiths* v. *Pruen*, 11 Sim. 202, is mainly relied on for this proposition. In that case the bequest was as follows: "To my friend Mr. Thomas Griffiths, who is likewise my executor, any sum then appearing, after the contents of this, my will, are fully complied with and fulfilled." Very clearly that was not a case where the gift was to executors as such, as compensation for official duties. In *Scofield* v. *St. John*, 65 How. Pr. 292, a legacy was given to each executor in addition to commissions. There was no question between co-executors. In *Knight* v. *Gould, supra*, there was a bequest of a residue "to my executors hereinafter named, to enable them to pay my debts, legacies, funeral and testamentary charges, and also to recompense them for their trouble, equally between them." This was followed by the appointment of three persons as executors. It was held that the bequest was to those persons as a class in their official character, and that, therefore, one having died in the life-time of the testator, the whole residue vested in the two survivors. It was there said by Lord Chancellor BROUGHAM that whoever performed the duty of executors was to have the residue, and that the words "equally between them" applied only to those who performed the duty.

It is further claimed that the defendant, by reason of the circumstances attending the failure of Fletcher to qualify, is estopped from saying that the plaintiff is not entitled to Fletcher's share because of failure to qualify. Upon this question we must assume, as found in the court below, that Fletcher was willing to act, that the defendant made opposition to his qualifying, and that by reason of such opposition, and the opposition of the legatee George D. Dailey, Fletcher was induced not to qualify. The opposition was apparently based on the unfitness of Fletcher to become executor, at least without giving security. No fraud or duress on the part of defendant is found. It is not shown that the opposition was not well founded. If Fletcher was not a proper man for executor, it was the duty of the defendant to oppose his appointment, and see to it that the trust-estate was properly protected. That the defendant on this line did anything more than his duty is not shown. If he did not, there is no basis for saying that there was any duress. *McPherson* v. *Cox*, 86 N. Y. 473; *Scudder* v. *Burrows*, 7 N. Y. St. Rep. 613. The failure of Fletcher to apply for letters must be deemed to have been his voluntary act, and there would be no foundation for applying the doctrine of estoppel. Many authorities are cited by the counsel for the appellant on the question of waiver of conditions in the performance of contracts. They do not apply here. There is no contract here between the defendant and Fletcher. The defendant and the legatees had a right to object to the issuing of letters to Fletcher. Upon the validity of those objections it was for the surrogate's court to decide. The failure of Fletcher to apply, after such objection was made, amounted to an acquiescence for the time being in the validity of the objection, and, in the absence of any agreement between him and defendant, or any fraud or duress, he would have no right to say that he could receive compensation as executor the same as if letters had been issued to him. It follows that the special term correctly decided that the plaintiff had no right to compel the defendant to account, and had no claim against defendant for any share of the residue of the estate. Judgment affirmed, with costs. All concur.